JUDGE CHIN

'07 CIV 7627

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHINA NATIONAL CHARTERING CORPORATION,

           Plaintiff,

   - against -

HARLOW INTERNATIONAL LTD. a/k/a
HARLOW INTERNATIONAL U.K.,

           Defendant.
----------------------------------------------------------X

07 Civ. _____

ECF CASE

RECEIVED
AUG 27 2007
U.S.D.C. S.D. N.Y.
CASHIERS

### VERIFIED COMPLAINT

Plaintiff, CHINA NATIONAL CHARTERING CORPORATION ("Sinochart" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, HARLOW INTERNATIONAL LTD. a/k/a HARLOW INTERNATIONAL U.K., ("Harlow" or "Defendant") alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under the laws of the People's Republic of China and is an owner/operator of sea-going vessels.

3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

4.    By a contract of affreightment dated April 16, 2004 ("COA"), Defendant agreed to ship and Plaintiff agreed to carry three cargoes each of 40,000 MT coal in bulk, 10% more or less at Plaintiff's option.



5. The load port was to be one safe berth Jing Tang Gang, where the Defendant guaranteed a sailing draught of 11 meters, and the discharge port was one safe berth, one safe port in the Sea of Marmara or one safe berth Nemrut or one safe berth Iskenderun.

6. Following the conclusion of the COA on April 16, 2004, Plaintiff proceeded to nominate the vessel, "INCE MARMARA," on May 10, 2004 to load and carry the first shipment.

7. Plaintiff provided the Defendant with various details of the vessel and asked for its urgent acceptance.

8. However, on May 11, 2004, the Defendant indicated that it would not perform under the COA.

9. Defendant repudiated the COA.

10. Disputes arose between the parties regarding Defendant's repudiation of the COA.

11. Pursuant to the COA, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

12. Despite due demand, Defendant failed and/or refused to pay the sums due and owing to Plaintiff.

13. Thus, Plaintiff commenced arbitration against Defendant in London on its claims.

14. On June 18, 2007, an Arbitration Award was rendered in Plaintiff's favor and against Defendant. *See Arbitration Award annexed hereto as Exhibit "1."*

15. Pursuant to the Arbitration Award, Defendant is directed to pay Plaintiff the principal sum of $534,460.00, together with interest thereon at the rate of 6.25%, compounded quarterly from August 1, 2004 until the date of the Arbitration Award, June 18, 2007.

16. Interest is to accrue on the principal amount above at the rate of 7.5%, compounded quarterly from June 18, 2007 until the date of payment.

17. Pursuant to the Award, Defendant is also directed to pay Plaintiff the cost of the Arbitration Award, £5,805.00, together with interest thereon at 7.5%, compounded quarterly from the date of the Arbitration Award, June 18, 2007, until the date of payment.

18. Finally, the Award provides that Defendant is to pay Plaintiff's costs, to be assessed by the arbitrators if not agreed upon, together with interest thereon at the rate of 7.5%, compounded quarterly from the date of the Arbitration Award, June 18, 2007, until the date of payment.

19. Despite due demand, Defendant has failed to pay the amounts due and owing to Plaintiff under the Arbitration Award.

20. If an agreement cannot be reached, Plaintiff intends to obtain a second Award against Defendant as to its recoverable costs.

21. As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Final Arbitration Award(s):

| | | |
|---|---|---:|
| A. | Principal claim: | $534,460.00 |
| B. | Interest on claim: | |
| | 6.25% from August 1, 2004 until June 18, 2007: | $104,493.15 |
| | 7.5% interest from June 19, 2007 until estimated date of recovery (June 19, 2009): | $102,525.08 |
| C. | Cost of Award: | $11,680.61 |
| D. | Interest on cost of Award: | $1,874.25 |
| E. | Plaintiff's estimated recoverable costs with interest: | $50,000.00 |
| **Total** | | **$805,033.09** |

22. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

23. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any

other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount $805,033.09 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm the arbitration award described herein or any further arbitration award and/or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorney's fees and costs of this action; and

G. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: August 27, 2007
       New York, NY

                                    The Plaintiff,
                                    CHINA NATIONAL CHARTERING CORPORATION

                                    By: _____
                                    Nancy R. Peterson (NP 2871)
                                    Patrick F. Lennon (2162)
                                    LENNON, MURPHY & LENNON, LLC
                                    420 Lexington Ave., Suite 300
                                    New York, NY 10170
                                    (212) 490-6050 – phone
                                    (212) 490-6070 – fax
                                    nrp@lenmur.com
                                    pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   New York
County of New York   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    August 27, 2007
          New York, NY

_____
Nancy R. Peterson

# EXHIBIT 1

Case 1:07-cv-07627-DC   Document 1   Filed 08/27/2007   Page 7 of 12

EXHIBIT 1

IN THE MATTER OF THE ARBITRATION ACT 1996
AND
IN THE MATTER OF AN ARBITRATION
BETWEEN



CHINA NATIONAL CHARTERING CORPORATION
of P.R. China

Claimants
(Owners)

and

HARLOW INTERNATIONAL LIMITED
of Tortola, British Virgin Islands

Respondents
(Charterers)

Contract of Affreightment dated 16 April 2004

ARBITRATION AWARD

1

WHEREAS

A. By a contract of affreightment dated 16 April 2004 ("the COA") Harlow International Limited (also known as Harlow International UK) of Tortola, British Virgin Islands ("the Charterers") agreed to ship and China National Chartering Corporation of P.R. China ("the Owners") agreed to carry three cargoes each of 40,000 MT coal in bulk, 10% more or less in the option of the Owners.

B. Clause 33 of the COA provided as follows:-

> This contract shall be governed by and construed in accordance with english law and any dispute arising out of or in connection with this contract shall be referred to arbitration in london in accordance with the arbitration act 1996 or any statutory modification or re-enactment thereof save to the extent necessary to give effect to the provisions of this clause. The arbitration shall be conducted in accordance with the london maritime arbitrators association (lmaa) terms current at the time when the arbitration proceedings are commenced. The reference shall be to three arbitrators. A party wishing to refer a dispute to arbitration shall appoint its arbitrator and send notice of such appointment in writing to the other party requiring the other party to appoint its own arbitrator within 14 calendar days of that notice and stating that it will appoint its arbitrator as sole arbitrator unless the other party appoints its own arbitrator and gives notice that it has done so within the 14 days specified. If the other party does not appoint its own arbitrator and give notice that it has done so within the 14 days specified, the party referring a dispute to arbitration may, without the requirement of any further prior notice to the other party, appoint its arbitrator as sole arbitrator and shall advise the other party accordingly. The award of a sole arbitrator shall be binding on both parties as if he had been appointment by agreement.
> Nothing herein shall prevent the parties agreeing in writing to vary these provisions to provide for the appointment of a sole arbitrator ...

C. A dispute having arisen out of or in connection with the COA, the Owners appointed the undersigned Robert Gaisford of Bramdean, Stonegate, Wadhurst, East Sussex TN5 7EP, and the Charterers appointed the undersigned Graham Clark of Viking Cottage, Crowhurst Lane, Crowhurst, Lingfield, Surrey RH7 6NA to act as arbitrators. The two said party-appointed arbitrators subsequently appointed the undersigned William Robertson of The Atlas Room, 37 Woodpecker Crescent, Burgess Hill, West Sussex RH15 9JY to act as third arbitrator thereby completing

the Tribunal. All of the said appointments were made on and in accordance with the LMAA Terms (2002) and pursuant to paragraph 5 thereof those Terms apply to this reference. Further, pursuant to paragraph 6 of those Terms as well as clause 33 of the COA, the seat of this arbitration is in London, England.

D.   In these arbitration proceedings, the Owners claimed damages in respect of the Charterers' alleged repudiation of the COA in the amount of US$646,460.00 together with interest and costs. The Charterers denied liability. Both parties were represented by firms of solicitors, the Owners being represented by Richards Butler in Hong Kong and the Charterers by Hill Dickinson in London. The matter proceeded by way of written submissions and supporting documentary evidence, with service by the Owners of their claim submissions on 11 December 2006. However, on 14 December 2006 Hill Dickinson advised that they no longer acted for the Charterers and on 5 January 2007 the Owners served their claim submissions on the Charterers by fax and courier by sending the same to their address in Tortola, British Virgin Islands and also at their operating address c/o Cargo Services Limited in Istanbul, Turkey.

E.   The Charterers failed to serve defence submissions in response and eventually on 16 April 2007 the Tribunal made a final and peremptory order for service thereof by Wednesday, 25 April 2007 at the latest, advising that should the order not be complied with the Tribunal would, if requested, proceed to its Award in the matter on the basis of the submissions and documents then before it. No response was received to that communication either and on 14 May 2007 the Tribunal advised the parties that it was proceeding to its Award in this matter, having received a request from the Claimants that it should do so. Neither party requested an oral hearing.

NOW WE, the said Robert Gaisford, Graham Clark and William Robertson, having taken upon ourselves the burden of this reference and having carefully and conscientiously considered the submissions and evidence (all documentary) placed

3

before us and having given due weight thereto and having agreed each one with the others and for the Reasons annexed hereto, DO HEREBY MAKE, ISSUE AND PUBLISH this our ARBITRATION AWARD as follows:-

1. WE FIND AND HOLD that the Owners' claim for damages succeeds in the amount of US$534,460.00 and no more.

2. WE THEREFORE AWARD AND DIRECT that the Charterers shall pay to the Owners the sum of US$534,460.00 together with interest thereon at the rate of 6.25% per annum and pro rata, compounded at three-monthly rests, from 1 August 2004 until the date of this our Arbitration Award and thereafter at the rate of 7.5% per annum and pro rata, compounded in the like manner, until the date of payment.

3. WE FURTHER AWARD AND DIRECT that the Charterers shall pay the Owners' costs of this our Arbitration Award on the standard basis (for the assessment of which, if not agreed, we hereby reserve our jurisdiction) together with interest thereon at the rate of 7.5% per annum and pro rata, compounded at three-monthly rests, from the date of this our Arbitration Award until the date of payment.

4. WE FURTHER AWARD AND DIRECT that the Charterers shall pay the Tribunal's fees in relation to this our Arbitration Award which amount to £5,805.00, together with interest thereon at the rate of 7.5% per annum and pro rata, compounded at three-monthly rests, from the date of this our Arbitration Award until that of payment.

5. **WE HEREBY DECLARE** that this our Arbitration Award is final as to all matters determined herein.

Made in London this 18th day of June 2007

*[signature]* Robert Gaisford

*[signature]* Graham Clark

*[signature]* William Robertson

*[signature]* Witness

*[signature]* Julia Dolli — Witness

*[signature]* Witness